IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:                                                                                 CHAPTER 13 CASE
                                                                                     NO. 11-32016-DHW

**LELA SHANTA RIVERS, \*\*\*-\*\*-5782**

        **Debtor.**

**TRUSTEE'S RESPONSE TO
DEBTOR'S MOTION FOR INSTRUCTION**

COMES NOW, the Trustee, in the above styled cause and in response to the debtor's motion for instruction, states as follows:

1. The debtor's Chapter 13 plan was filed August 9, 2011. The plan was confirmed on October 24, 2011.

2. On January 10, 2016 the debtor filed an amended motion to modify plan in light of a settlement due to be received by the debtor. The debtor's modified plan provided:

   **The Debtor is receiving $20,387.00 from a civil settlement resulting from her loss of employment with Vaughn Regional Hospital, said settlement evidencing reimbursement for 15 months loss of income and funds which in part would have been paid to the trustee had the Debtor been employed. The Debtor is requesting that the sum of $9,705.91 be paid to the Trustee for the purposes of bringing the Debtors secured debt payments current, the sum of $4,000.00 to be held in trust by the Debtor's Civil Attorney to be used to pay the Internal Revenue Service for tax liability for the year 2016, on the funds received. The non-exempt balance of the funds is be paid to the Chapter 13 Trustee for distribution to unsecured creditors. The POT of $6681.09 referenced in paragraph 13 is based upon the lawsuit proceeds.**

3. The debtor's motion to modify was granted on February 9, 2016.

4. On June 23, 2016, the Trustee received the first installment of the lawsuit proceeds in the amount of $8,719.45. Those funds were first disbursed to unsecured creditors in the amount of $6,681.09 to fulfill the requirements of the POT plan for unsecured creditors pursuant to the terms of the debtor's confirmed

modified plan. The Trustee was paid a fee of $296.55 for disbursing the $6,681.09 POT to unsecured creditors. This left $1,741.81 to be paid to secured creditors from the original lawsuit installment of $8,719.45.

5. On July 26, 2016, the Trustee disbursed the remaining $1,741.81 to secured creditors. Of the $1,741.81, $1,667.79 was paid to the secured creditors and the Trustee was paid his fee of $74.02, all totaling $1,741.81.

6. On September 9, 2016 the Trustee was paid an additional installment of $2,817.10 from the lawsuit proceeds. Under the terms of the debtor's confirmed modified plan, these funds are due to be paid to the debtor's secured creditors.

7. The $2,718.10 installment from the lawsuit is still being held in trust at this time and the Trustee advised debtor and debtor's counsel that those funds would continue to be held in trust until after the hearing on the debtor's motion for instruction.

8. Everyone was under the impression from the settlement motions in this case that there would be a total of $20,387.00 net proceeds from the settlement and from that $4,000.00 would need to be held in trust to pay the debtor's estimated tax liability as a result of the settlement. What no one knew until this week was that the employer (who was the defendant in the settlement) would withhold the taxes due on the settlement and pay the taxes directly on behalf of the debtor.

9. At this point, the $4,000.00 that was sent to debtor's bankruptcy counsel to hold in trust for taxes now needs to be turned over to the Trustee to pay the debtor's secured creditors since the taxes at issue were already purportedly remitted directly by the debtor's employer.

10. The debtor's motion for instructions is brought because the check that was sent to debtor's counsel was restrictively endorsed to be held in trust for taxes and counsel for the debtor did not want to turn over these funds to the Trustee without further order from the Court. Bankruptcy counsel for the debtor and the Trustee have discussed this matter and both are in agreement that since the taxes were paid directly by the employer that the $4,000.00 sent to debtor's counsel should now be sent to the Trustee for the debtor's secured creditors.

WHEREFORE, the above premises considered, the Trustee would join the debtor's bankruptcy counsel in the request for instructions and for an order requiring that the $4,000.00 being held by debtor's bankruptcy counsel be turned over to the Trustee for the benefit of the debtor's secured creditors pursuant to the terms of the debtor's confirmed modified plan. Upon receipt of this Honorable Court's Order on Instruction, and the $4,000.00 from bankruptcy counsel, the Trustee will then remit the $6,817.10 lawsuit funds to the debtor's secured creditors pursuant to the terms of the debtor's confirmed modified plan.

Respectfully submitted this 21st day of September 2016.

                    Sabrina L. McKinney
                    Acting Chapter 13 Trustee

By: /s/ Sabrina L. McKinney
     Sabrina L. McKinney
     Acting Chapter 13 Trustee

Office of the Chapter 13 Trustee
P. O. Box 173
Montgomery, AL 36101-0173
Phone: 334-262-8371
Fax: 334-834-7635
mckinneys@ch13mdal.com

## CERTIFICATE OF SERVICE

      I, Sabrina L. McKinney, certify that I have served a copy of the foregoing TRUSTEE'S RESPONSE TO DEBTOR'S MOTION FOR INSTRUCTION on the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid and properly addressed, this 21st day of September 2016.

                                                /s/ Sabrina L. McKinney
                                                Sabrina L. McKinney

Debtor via U.S. Mail
Debtor's Bankruptcy Counsel via CM/ECF